UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Clark & Leland Condominium, L.L.C, an Illinois Limited Liability Corporation; Hueng K. Baek, Individually and as Manager of Clark & Leland Condominium, L.L.C.; and Hyun Baek-Lee, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 14-cv-3928 |
| v. | ) ) | Judge Thomas M. Durkin |
| Northside Community Bank, an Illinois Chartered Bank; William Kivit, Individually and as Vice-President for Northside Community Bank; Patricia A. Clausen, Individually and as President for Northside Community Bank; Belinda M. Baier; and Maria Spencer, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs Clark & Leland Condominium, L.L.C. ("C & L"), Hueng K. Baek, and Hyun Baek-Lee (together, "the Baeks") bring this Motion to Alter Judgment pursuant to Rule 59(e), requesting reconsideration of the Court's June 17, 2015 Memorandum and Opinion Order dismissing their RICO claim as barred by the doctrine of *res judicata*. For the reasons set forth below, the motion is granted in part and denied in part.

1

**Background**

The extensive factual background underlying Plaintiffs' claim is set forth in detail in the Court's June 17, 2015 Order. S*ee* R. 25 at 4-11. For the purposes of this motion to reconsider, the only pertinent facts are the following.

On October 29, 2010, Defendant Northside Community Bank ("NSCB") filed a complaint against the Baeks as guarantors on a loan in the Circuit Court of Cook County (the "Guaranty Action"). While the Guaranty Action was still pending, on June 29, 2012, Plaintiffs[1] filed a parallel complaint against Defendants NCSB and William Kivit in the same court (the "Parallel Action") alleging breach of contract, breach of fiduciary duty, fraud, and other state law claims arising from the negotiation and administration of the loan at issue in the Guaranty Action. The cases were consolidated on August 23, 2012.[2]

On October 13 and October 23, 2012, NSCB filed motions to strike and dismiss the Baeks' affirmative defenses and counterclaims in the Guaranty Action and to dismiss the complaint in the Parallel Action in its entirety. On November 28,

---

[1] Soo Corporation, d/b/a Blue Ocean Contemporary Sushi, was also a plaintiff in the Parallel Action. Baek is an "owner-investor" in Soo Corporation. This Court previously held that due to Baek's position as owner-investor, Soo Corporation is in privity with the Baeks. That holding is not challenged here.

[2] Before the Guaranty Action was filed, NSCB instituted a foreclosure action against Plaintiffs on the property that was the subject of the loan in this case. A judgment of foreclosure was entered, the property was sold, and a deficiency judgment was entered against Plaintiffs. No appeal was taken from the foreclosure action. Because this Court held that the Parallel Action and the Guaranty Action barred the instant suit under the doctrine of *res judicata,* the Court did not reach Defendants' claim that the foreclosure proceeding did the same. R. 25 at 19. The Court declines to revisit the issue here.

2

2012, Plaintiffs filed a motion to amend their complaint in the Parallel Action to allege, among other new claims, a RICO claim. On May 30, 2013, having reviewed the pleadings and heard the arguments of counsel, the Circuit Court granted NSCB's motion to strike and dismiss the Baeks' affirmative defenses and counterclaims in the Guaranty Action and to dismiss Plaintiffs' original complaint in the Parallel Action with prejudice. Plaintiffs were granted to leave to plead the proposed additional Parallel Action claims within 28 days. They did not do so. The Parallel Action thus being resolved, on August 19, 2013, NSCB filed a motion for summary judgment on the Guaranty Action.

Nearly a year later, on April 24, 2014, the Plaintiffs filed a motion to reconsider the dismissal of the Parallel Action and for leave to file an amended complaint. The proposed amended complaint included a different RICO claim than the one Plaintiffs originally sought to assert. Defendants opposed the motion and the Circuit Court heard argument on the matter. While that motion was still pending, on May 28, 2014, Plaintiffs filed the newly-proposed RICO claim in this Court (the "Federal Action").

On September 11, 2014, Plaintiffs' motion for reconsideration and for leave to replead was denied by the Circuit Court and summary judgment was entered for NSCB against the Plaintiffs in the Guaranty Action in the amount of $2,359,743.55. On October 10, 2014, Plaintiffs filed a post-judgment motion to vacate and for leave to file amended defenses and counterclaims. The motion was denied on October 30,

2014. Plaintiffs then appealed the judgment in the Guaranty Action and the dismissal of the Parallel Action on November 26, 2014.

Meanwhile, Defendants moved to dismiss the Federal Action. Extensive briefing on that motion took place over the course of seven months, and the parties appeared before this Court four times during that period regarding the status of the state court proceedings and to argue their respective positions. On June 17, 2015, this Court granted Defendants' motion to dismiss, finding that: (1) "the Circuit Court's dismissal with prejudice of Plaintiffs' complaint in the Parallel Action bars their instant RICO claim based on *res judicata*"; and (2) the Circuit Court's entry of summary judgment in the Guaranty Action also barred Plaintiffs' RICO claim under the doctrine of *res judicata.* R. 25 at 16, 19. Plaintiffs now ask this Court to reconsider the June 17, 2015 Order.

The state court appeal remains pending. R. 36 ¶ 2.

**Standard**

To prevail on a motion for reconsideration, a "movant must demonstrate a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Motions to reconsider are thus proper only where the court "has patently misunderstood a party," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). Motions for reconsideration are "not appropriate vehicle[s] for relitigating arguments that the Court previously rejected or for

4

arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine v. Burge,* 897 F.Supp.2d 714, 717 (N.D. Ill. 2012); *see also Vesely*, 762 F.3d at 666 ("a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments").

## Discussion

Plaintiffs assert three arguments. The first two were previously made, considered and rejected by this Court.[3] Plaintiffs' final argument, however, was not

---

[3] First, Plaintiffs argue that because they were granted leave to replead new claims, the May 30, 2013 order dismissing the Parallel Action was not "a final order" and thus cannot form the basis of a *res judicata* defense. This argument is frivolous. The Circuit Court dismissed the claims alleged in the Parallel Action *with prejudice* and set a clear time limit on the grant of leave to bring additional claims. That time limit expired, and along with it expired Plaintiff's RICO claim. To the extent any questions lingered regarding the pendency of the Parallel Action, they were resolved when the Circuit Court denied Plaintiff's tardy motion for leave to replead on September 11, 2014 and granted summary judgment on all pending claims in the Guaranty Action (the only lawsuit still pending) in Defendant's favor. The denial of the motion to reconsider the disposition of the Guaranty Action on October 30, 2014 foreclosed any further attempt at relitigation in the Circuit Court.

Second, Plaintiffs contend that their unpled RICO claim was never decided on the merits and thus, as an untested "theory of relief," cannot be barred by *res judicata*. In support, Plaintiffs cite *Wilson v. Edward Hospital*, 981 N.E.2d 971 (Ill. 2012). *Wilson* holds that an order partially disposing of "a branch" of a case does not operate as final judgment of the entire case for *res judicata* purposes. *Id.* at 980. The *Wilson* court considered whether a partial grant of summary judgment on one theory of negligence precluded a future negligence claim based on different predicate facts. Finding that the partial summary judgment order "merely removed some of the allegations . . . from the case," the *Wilson* court held that "[t]he trial court's grant of partial summary judgment did not dispose of the rights of the parties on a separate branch of the controversy." *Id.* at 981. Unlike the underlying order in *Wilson*, the Circuit Court rulings in the Parallel and Guaranty Actions were not partial: the Parallel Action was dismissed as pled *in full* and with prejudice (with leave to replead first ignored by the Plaintiff, then denied by the Circuit Court), and summary judgment on all counts was entered in the Guaranty Action in Defendant's favor while all of Plaintiffs' counterclaims and defenses were

5

brought to this Court's attention in the underlying motion to dismiss, though it does not rely on new law or new facts. Still, because Plaintiffs raise an important argument not yet passed upon, the Court addresses it here.

"Plaintiffs submit that until the appeal is disposed of, *res judicata* cannot attach." R. 33 at 2. Thus, Plaintiffs argue, this Court should abstain from dismissing the case pending a ruling from the Illinois appellate court.[4] R. 28 at 6. In support, Plaintiffs cite the Illinois Supreme Court's opinion in *Ballweg v. City of Springfield*, 499 N.E.2d 1373 (Ill. 1986). *Ballweg* holds that "[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Id.* at 1375. The Seventh Circuit addressed *Ballweg* about a decade after it issued. The court observed:

> The preclusive effect of a state judgment in federal litigation depends on the rendering state's law, and most states give decisions of the court of first instance preclusive effect whether or not the losing party has taken appeal. Illinois is among these states, or so *State Life Insurance Co. v. Board of Education*, 81 N.E.2d 877, 880 (1948), holds. . . . A decade ago the Supreme Court of Illinois announced that the filing of an appeal suspends the collateral estoppel (issue preclusion) effect of a judgment. *Ballweg*, 499 N.E.2d at 1375. The court appears to have been unaware that it was contradicting long-settled law.

---

struck. While certain allegations remained in play in *Wilson*, none survived the Circuit Court's September 11, 2014 Order. Plaintiffs concede as much, admitting in their reply that all of the claims and defenses in the state court actions are based on the same predicate allegations, specifically, "the [allegedly] fraudulent conduct by Defendant Bank." R. 33 at 2. *Wilson* is thus inapposite.

[4] It bears mention that this is precisely the opposite argument Plaintiffs advanced in response to Defendants' motion to dismiss. *See* R. 16 at 3 (urging the Court not to abstain).

6

*Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) (internal citations omitted). The court went on to note that the ruling in *Ballweg* led to some confusion among Illinois appellate courts, resulting in the "unsatisfactory situation" of an intra-court conflict regarding the scope of the preclusive effect of an appeal. *Id.* "[H]av[ing] no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment," The court instructed that "[i]t is sensible [for a federal judge confronted with duplicative litigation] to stay proceedings until an earlier-filed state case has reached a conclusion." *Id.* (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-821 (1976)).

In the decades since *Rogers*, the Illinois Supreme Court still has not clarified the issue and a split of authority in the state appellate courts remains. Courts in this district, therefore, continue to heed the Seventh Circuit's guidance to abstain in circumstances like the present one pending the resolution of state court appeals. *See, e.g., Knight v. Djk Real Estate Group, LLC*, 2015 WL 9460576, at * 8 (N.D. Ill. Dec. 28, 2015) (quoting *Rogers*, 58 F.3d at 302); *Simonsen v. Bd. of Educ. of City of Chi.*, 2002 WL 826477, at *2 (N.D. Ill. Apr. 29, 2002) ("if the state case should break down in a way that avoids the preclusive effect of the judgment, the plaintiff would be entitled to a decision on the merits from the federal court, and for this reason we have stayed the federal case rather than dismiss it"); *Dwyer v. Evoy*, 12 F. Supp. 2d 832, 835 (N.D. Ill. 1998) (denying the defendants' motion for summary judgment as "premature" where appeal had been taken from the circuit court judgment). This Court will follow suit.

7

**Conclusion**

For the foregoing reasons, Plaintiffs' motion for reconsideration is granted in part and denied in part. This case, including all discovery, is stayed pending resolution of the state court appeal. When the appeal is decided, any party may move this Court to lift the stay and proceed in a manner consistent with the appellate court's ruling and any applicable principles of *res judicata*.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 25, 2016